# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 16-1327V
## Filed: January 12, 2018
UNPUBLISHED

| | |
|---|---|
| GRETCHEN MACIVER, | Special Processing Unit (SPU); |
| Petitioner, | Attorneys' Fees and Costs |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 12, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on November 11, 2015. On August 14, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 26.)

On October 9, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 29.) Petitioner requests attorneys' fees in the amount of $14,556.00 and attorneys' costs in the amount of $564.14. (*Id.* at 1.) Additionally, in compliance with General

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Order #9, petitioner filed a signed statement indicating that petitioner incurred $6.45 in out-of-pocket expenses.  Thus, the total amount requested is $15,126.59.

On October 23, 2017, respondent filed a response to petitioner's motion.  (ECF No. 30.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)

On October 23, 2017, petitioner filed a reply.  (ECF No. 31).  Petitioner argues that respondent has provided no precise objection.  (*Id.* at 2.)  Petitioner also argues that she has met her burden of establishing reasonable fees and costs.  (*Id.* at 3-5.)

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours.  However, consistent with the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule, the undersigned reduces the award to reflect rate reductions for 2017 paralegal rate.

Petitioner's application included 1.1 hours of paralegal time billed at a rate of $150 per hour in 2017, amounting to billing of $165.00.  (ECF No. 29-1, p. 9.)  Reducing the hourly rate to $148 for these hours in accordance with the Forum Hourly Rate Fee Schedule for 2017,[3] the total amount is reduced to $162.80, a reduction of $2.20.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $15,124.39[4] as follows:**

- **A lump sum of $15,117.94, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Diana Lynn Stadelnikas ; and**

---

[3] Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2017 can be found at http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $6.45, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

- **As requested by petitioner, please forward payment to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.